Battle, J.
 

 The question presented for our consideration, has not hitherto, so far as we are aware, been decided or even discussed in our Courts. The counsel for the defendants admits, that, prior to- the year 1816, a power to appoint to or among children did not authorize an appointment among grand children.
 
 Sug. on Pow. ch.
 
 9,
 
 sec.
 
 5,
 
 page
 
 501,
 
 (Law Lib. Ed. vol. 2,page
 
 253 ;) but he contends that the act of 1816, (1
 
 Rev. Slat. ch.
 
 122,
 
 sec
 
 15,) makes an alteration of the law in this respect,
 
 *163
 
 not expressly, but by a necessary construction of its provisions. These provisions are, that when any person shall bequeath or devise any of his or her estate to his or her child or children, and such child or children shall have died in the life time of such testator or testatrix, in every such caso the said legacy, devise or bequest, shall take effect and vest a title to the property* or share of estate, described and mentioned in the same, in the issue of such child or children, if any, in the same manner and to the same extent as it would have vested in such child or children, had she or they been in full life at. the death of the testator or testatrix and taking effect of such will Applying the act to this case, the counsel insists that the power, given by Alexander Moore in his will to his widow to dispose of the slaves in question, at her death, among her children, had, upon its execution, the same effect, as a bequest of them in the will of*the testator to his son, James, which, as he died before the testator, would go to his children. In support of this proposition, the counsel relics upon the well established doctrine, that the appointee under a power takes from the instrument, which creates the power, and not from that which executes it.
 
 Sug. on Pow.
 
 331, (2
 
 vol. Law Lib. Ed. page
 
 22 ) Unfortunately for the argument, the power of appointment in this case is not to be executed in favor of the testator’s children, but the children of his wife. The words of the will are “tobe disposed of as she may think proper among her children." These words may embrace children of the testator’s wife, by a former or a subsequent husband— children who may not be his. If a power, then, which is given by a will, have the same effect when executed, as a bequest in the will, the act of 1816 cannot apply to this case, because the will does not authorize, by its terms, the execution of the power in favor of the person, whose legacy would necessarily be saved from lapse by the operation of the act. But a more decisive answer to
 
 *164
 
 the argument is. that, when (he testator’s will took effect by his death, his son James Moore was not one of the objects of the power, he having died before his father. He was not then one of her children, among whom she was ■authorised to appoint, and no case could be made, to which the act of 1816 could apply. And his children, also, were excluded, because (he power of appointment was confined to the wife’s
 
 children.
 
 Whether, if James Moore had survived his father, and the power given by the father’s will had been to appoint among his, the testators, children, it could have been executed in favor of the children of James after his death, or whether the act of 1816 applies to any case where thebequst is not directly to the child, but only to be carried into effect, through the medium of a power of appointment among the children of the testator, it is unnecessary for us to decide. In the case presented to us, we hold that the power was not well executed in favor of the grand-children of the testatrix, Elizabeth Moore, and that consequently the plaintiffs are entitled to a decree for such of the slaves, bequeathed by the will of the said Elizabeth, to the defendants, as are now in the hands of the executor, and fut-an account of the proceeds of such as he has sold.
 

 Per Curiam.
 

 Decree accordingly